■ THREE PARK AVENUE CO., Appellant, v BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, INC., as Successor to UNITED MEDICAL SERVICE, INC., Respondent, et al., Defendants. (And Two Third-Party and One Fourth-Party Actions.) — Order, Supreme Court, New York County (Richard Wallach, J.), entered on March 25, 1983, affirmed for the reasons stated by R. Wallach, J., at Special Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Asch, Silverman and Milonas, JJ.

Kupferman, J. P., and Alexander, J., dissent in part in a memorandum by Kupferman, J. P., as follows: The defendant-respondent is the successor to the organization which entered into a written lease with the plaintiff-appellant. The lease provided for rental of 14 floors in a building to be constructed at 3 Park Avenue for a term of 25 years. There was a requirement that the plaintiff landlord provide electrical capacity of six watts per square foot of useable floor area. The electrical service actually installed allows over 16 watts per square foot. There is some question of whether the modification to increase capacity was made pursuant to plans drawn by the defendant's engineers. ¶ The defendant has refused to pay for the additional electrical facilities although it has installed equipment which requires electrical capacity in excess of the six watts originally stipulated in the lease. ¶ We are not concerned here with the cost of electricity but rather with the "use and occupancy" of the additional electrical capacity. The plaintiff alleged three causes of action to recover costs of labor, materials and equipment expended in excess of what otherwise it would have spent pursuant to the agreement for installing electrical capacity. At issue is the third cause of action seeking payment in *quantum meruit* for the excess use of the electrical premises. ¶ The court at Special Term granted the cross motion by the tenant to dismiss the third cause of action. Aside from the fact that the complaint merely states, in three different ways, the claim for reimbursement for the plaintiff landlord of expenditures for electrical wiring, etc., of which the defendant tenant has had the benefit, and no purpose is served by eliminating one of the facets of the claim, the landlord should not be precluded from recovering in *quantum meruit*. ¶ The fact that there is excess electrical capacity does not mean that the tenant should or can use it. Having used it, tenant should pay for it. It is, in reality, no different than the tenant appropriating additional space in the building simply because it is there and unused.